# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ERIC JONELLE COCHRAN,

    Petitioner,

v.                                                        Case No. 3:17-cv-10-J-32JRK
                                                                3:08-cr-49-J-32JRK

UNITED STATES OF AMERICA,

    Respondent.

_____

## ORDER

This case is before the Court on Petitioner Eric Jonelle Cochran's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1, § 2255 Motion) and Supporting Memorandum (Civ. Doc. 2, Memorandum).[1] The United States has responded in opposition, arguing that the § 2255 Motion is both untimely and meritless. (Civ. Doc. 6, Response). Petitioner did not file a reply. Accordingly, the case is ripe for a decision.

Under Rule 8(a) of the Rules Governing Section 2255 Proceedings, the Court has determined that an evidentiary hearing is not necessary to decide the motion. See Rosin v. United States, 786 F.3d 873, 877 (11th Cir. 2015) (an evidentiary hearing on a § 2255 motion is not required when the petitioner asserts allegations that are

---

[1] Citations to the record in the underlying criminal case, United States v. Eric Cochran, No. 3:08-cr-49-J-32JRK, will be denoted "Crim. Doc. __." Citations to the record in the civil § 2255 case, No. 3:17-cv-10-J-32JRK, will be denoted "Civ. Doc. __."

1

affirmatively contradicted by the record or patently frivolous, or if in assuming that the facts he alleges are true, he still would not be entitled to any relief). For the reasons below, Petitioner's § 2255 Motion is due to be dismissed as untimely.

I.  **Background**

On February 6, 2008, a grand jury charged Petitioner with one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g) and 924(e). (Crim. Doc. 1, Indictment). Petitioner pled not guilty and proceeded to trial. (See Crim. Doc. 49, Trial Tr. Vol. I; Crim. Doc. 50, Trial Tr. Vol. II). Following a two-day jury trial, the jury returned a guilty verdict. (Crim. Doc. 41, Jury Verdict).

At sentencing, the Court determined that Petitioner qualified to be sentenced under the Armed Career Criminal Act (ACCA) based on prior convictions for (1) burglary, (2) the sale, manufacture, delivery, or possession with intent to sell, manufacture, or deliver cocaine within 1,000 feet of a convenience business, and (3) the sale or delivery of cocaine. (Crim. Doc. 48, Sentencing Tr. at 3-10). Petitioner did not object to the ACCA enhancement or the validity of the prior convictions. (Id. at 3, 8, 9).[2] After considering the factors under 18 U.S.C. § 3553(a), the Court sentenced

---

[2] The Court notes that Petitioner did not raise a challenge to his ACCA enhancement based on the burglary conviction or Johnson v. United States, 135 S. Ct. 2551 (2015) (holding that the ACCA's residual clause is void for vagueness). Even if Petitioner had done so, such a challenge would be untimely because Petitioner did not file the § 2255 Motion until more than one year after the Johnson decision. See 28 U.S.C. § 2255(f)(3). And, even if Petitioner had raised a timely Johnson claim, the claim would fail on the merits under Beeman v. United States, 871 F.3d 1215, 1221-25 & n.5 (11th Cir. 2017), cert. denied, 139 S. Ct. 1168 (2019). The record contains no evidence that, at the time of sentencing in 2008, the Court actually relied on the residual clause to impose the ACCA enhancement. See also Swatzie v. United States,

2

Petitioner to the ACCA's mandatory minimum term of 180 months in prison. (Id. at 26; Crim. Doc. 45, Judgment).

Petitioner appealed his conviction, arguing that the Court erred in denying a motion for judgment of acquittal because there was insufficient evidence to support a guilty verdict. United States v. Cochran, 329 F. App'x 244, 245 (11th Cir. 2009). Specifically, Petitioner

> argue[d] that the jury was "confronted with equally persuasive theories of guilt and innocence" and that a rational trier of fact could not have found guilt beyond a reasonable doubt because "the government's case rested on the testimony of a singular officer," "another person was present at the scene where the gun was recovered," and Cochran's fingerprints were not on the gun or the bullets found by the arresting officer.

Id. The Eleventh Circuit rejected each of these arguments, concluding that there was sufficient evidence for the jury to find Petitioner guilty. Id. at 245-46. Thus, the court affirmed Petitioner's conviction and sentence.

Petitioner then sought certiorari review from the Supreme Court. However, the Supreme Court denied certiorari review on October 13, 2009. Cochran v. United States, 558 U.S. 959, 130 S. Ct. 426, 175 L.Ed.2d 292 (2009). Petitioner's conviction and sentence became final on that date. See Clay v. United States, 537 U.S. 522, 527 (2003) ("Finality attaches when [the Supreme] Court … denies a petition for a writ of

---

758 F. App'x 833 (11th Cir. 2019) (petitioner was ineligible for relief from his ACCA sentence under Johnson, even though his four Florida burglary convictions would no longer qualify under the enumerated offense clause following United States v. Esprit, 841 F.3d 1235 (11th Cir. 2016)).

3

certiorari…."). Petitioner did not file the instant § 2255 Motion until more than seven years later.[3]

## II.     Petitioner's § 2255 Motion

Petitioner raises three grounds for relief in his § 2255 Motion, each alleging the ineffective assistance of counsel. In Ground One, Petitioner claims that counsel gave ineffective assistance by failing to move to suppress evidence and to dismiss the indictment based on a defective probable cause affidavit. (Civ. Doc. 1 at 4; Civ. Doc. 2 at 5-8). Specifically, Petitioner claims that the police officer who arrested him committed a Franks violation[4] by omitting facts from the arrest affidavit about whether his informants – a fellow officer who performed lookout duties and elderly residents of an assisted living facility who complained about drug activity – provided sufficiently reliable information to support the arrest. Petitioner also disputes the arresting officer's statement in the arrest affidavit that he recovered drugs and a firearm from Petitioner. In Ground Two, Petitioner claims that counsel gave ineffective assistance by failing to object to the ACCA enhancement on the ground that

---

[3]     Under the prison mailbox rule, a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988). According to Petitioner, he signed and submitted the § 2255 Motion for mailing on December 27 or December 28, 2016. (Civ. Doc. 1 at 12).

[4]     In Franks v. Delaware, the Supreme Court held that if a defendant establishes by a preponderance of the evidence that an officer included a false statement in a warrant affidavit, either knowingly, intentionally, or with reckless disregard for the truth, "and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." 438 U.S. 154, 156 (1978).

4

his prior drug convictions did not meet the ACCA's definition of a serious drug offense. (Civ. Doc. 1 at 5; Civ. Doc. 2 at 9-10).[5] In Ground Three, Petitioner claims that counsel gave ineffective assistance at sentencing by failing to contest whether his prior convictions counted separately under U.S.S.G. §§ 4A1.2 and 4B1.2 and the ACCA. (Civ. Doc. 1 at 6-7; Civ. Doc. 2 at 10-11).[6] Regarding the statute of limitations, Petitioner contends that the actual innocence exception and § 2255(e)'s saving clause relieve him from the time bar. (Civ. Doc. 1 at 11; Civ. Doc. 2 at 2-4).

## III. Discussion

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year statute of limitations for a federal prisoner to file a motion to vacate, set aside, or correct sentence. 28 U.S.C. § 2255(f). The limitations period runs from the latest of four trigger dates.

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[5] The Court observes that the United States Supreme Court granted certiorari review in Shular v. United States, No. 18-6662, to review whether a violation of Florida Statute Section 893.13(1)(a) is a "serious drug offense" under the ACCA because the statute lacks a mens rea requirement with respect to the illicit nature of the substance. However, the Eleventh Circuit's decision in United States v. Smith, 775 F.3d 1262, 1268 (11th Cir. 2014), which held that § 893.13(1)(a) is a serious drug offense, remains binding until expressly overruled. Moreover, even if the Supreme Court rules that § 893.13(1)(a) is not a serious drug offense, Petitioner frames his arguments as ineffective assistance of counsel claims. But counsel cannot be faulted for not predicting a Supreme Court decision issued more than a decade in the future.

[6] In Ground Three, Petitioner also refers to a violation of the Ex Post Facto Clause, but he does not develop this allegation.

5

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id. "The § 2255(f) statute of limitations 'requires a claim-by-claim approach to determine timeliness.'" Beeman, 871 F.3d at 1219 (citing Zack v. Tucker, 704 F.3d 917, 924, 926 (11th Cir. 2013) (en banc)).

"Typically, the applicable triggering date is 'the date on which the judgment of conviction becomes final.'" Id. (citing 28 U.S.C. § 2255(f)(1)). Here, Petitioner's § 2255 Motion is not timely under § 2255(f)(1) because he did not file the motion until more than seven years after his conviction and sentence became final. As noted earlier, his conviction became final on October 13, 2009, when the Supreme Court denied his petition for a writ of certiorari. Cochran, 558 U.S. 959. However, Petitioner did not file his § 2255 Motion until December 2016. (Civ. Doc. 1 at 12). As such, Petitioner's § 2255 Motion is untimely under § 2255(f)(1). Additionally, Petitioner neither invokes nor alleges circumstances that suggest any of his claims are timely under §§ 2255(f)(2)-(4). Indeed, the legal and factual bases for his ineffective assistance claims have existed since the date his conviction and sentence became final.

To get around the time bar, Petitioner asserts that he is actually innocent of the offense. "[A] showing of actual innocence provides an exception to the time-bar under AEDPA." Mims v. United States, 758 F. App'x 890, 892 (11th Cir. 2019) (citing McQuiggin v. Perkins, 569 U.S. 383, 386, 394-95 (2013)). However, the actual innocence exception is supposed to "remain 'rare' and ... only be applied in the

6

'extraordinary case.'" Schlup v. Delo, 513 U.S. 298, 321 (1995). The actual innocence doctrine is "exceedingly narrow in scope as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence." Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted). "To show actual innocence of the crime of conviction, a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of the new evidence of innocence." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (quoting Schlup, 513 U.S. at 327). A petitioner must support the actual innocence claim "with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Then, "the habeas court must consider all the evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." House v. Bell, 547 U.S. 518, 538 (2006) (emphasis added) (quotation marks and citation omitted). Additionally, "the court may consider how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." Schlup, 513 U.S. at 332. Only if the Court is persuaded that more likely than not, in light of all the evidence, no reasonable juror would have convicted the petitioner can the petitioner pass through the actual innocence gateway. Bousley v. United States, 523 U.S. 614, 623 (1998) ("To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." (internal quotation marks omitted)

7

(citing Schlup, 513 U.S. at 327-28)).

Petitioner cannot satisfy the actual innocence exception because he has not provided new reliable evidence of innocence. Petitioner's innocence claim centers around relitigating the veracity of the testimony of the police officers involved in his arrest: Officer L. Schmucker (who reported seeing Petitioner engage in a hand-to-hand transaction) and Officer J. Weber (who arrested Petitioner). (See Civ. Doc. 2 at 6-8). However, their testimony was subject to extensive cross-examination at trial. (Crim. Doc. 49, Trial Tr. Vol. I at 51-61, 83-98). The jury also had the opportunity to hear from Petitioner himself (Crim. Doc. 50, Trial Tr. Vol. II at 13-41), but the jury concluded that the officers' testimony was more credible. Incidentally, Petitioner's trial testimony contradicts some of his current allegations of innocence. In the Supporting Memorandum, Petitioner states that the officers lacked probable cause to arrest him "because a search of Petitioner did not reveal any drugs…." (Civ. Doc. 2 at 6-7). But at trial, Petitioner admitted that the arresting officer found two marijuana seeds and a stem on him. (Crim. Doc. 50 at 24).

Thus, Petitioner's plea of actual innocence does not contain any new evidence that was not or could not have been presented to the jury. Moreover, Petitioner's claim of innocence is based on his own unsubstantiated and inconsistent allegations. He has not supported his claims with reliable evidence, such as "trustworthy eyewitness accounts" or "critical physical evidence." Schlup, 513 U.S. at 324.

Furthermore, even if Petitioner's current allegations of innocence counted as new evidence, it is not likely that no reasonable juror would convict him in light of all

8

the evidence. Bousley, 523 U.S. at 623. The Eleventh Circuit recounted the trial testimony on direct appeal:

> The arresting officer testified that, as he emerged from his cruiser, he saw Cochran drop a shiny, silver, palm-sized object to the ground. He further testified that he recovered a loaded .25 automatic handgun from the location where Cochran had been standing and that the gun was not rusted or corroded in a way that would indicate it had been there for a while. Although there was another man at the scene, the officer testified that the man had been standing in the middle of the road apart from Cochran, who had been standing in a grassy area between the road and the sidewalk.
>
> The government also presented a latent print examiner who testified that there was "not enough detail" on the recovered weapon or ammunition "for any sort of identification or comparison" but also that people do not automatically leave fingerprints when they touch something. He noted that certain factors can prevent fingerprints from transferring to an object, such as whether that object had been "dropped on the ground" or had come "in contact with dirt or debris."
>
> Finally, the government offered a special agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who testified that the gun involved in this case had traveled in interstate commerce because it had been manufactured in Illinois, sold in Georgia, and eventually recovered in Florida. In addition to the government's evidence, cross examination of Cochran revealed that he was a seven-time felon who was admittedly under the influence of marijuana the day he was arrested.
>
> The jury was entitled to reject Cochran's testimony that it was the other man present at the scene-and not Cochran-who possessed the weapon in favor of the opposing testimony presented by the government. See Williams, 390 F.3d at 1323.[7]

Cochran, 329 F. App'x at 245–46. Considering that the jury heard Petitioner's testimony and convicted him nonetheless, a reasonable juror could still convict Petitioner beyond a reasonable doubt, even in light of his current allegations. As such,

---

[7] United States v. Williams, 390 F.3d 1319 (11th Cir. 2004).

Petitioner does not meet the demanding standard required to pass through the actual innocence gateway.[8]

Alternatively, Petitioner asserts that § 2255(e)'s saving clause excuses him from the statute of limitations. (Civ. Doc. 1 at 11; Civ. Doc. 2 at 2). Petitioner does not explicitly state that he wishes to pursue habeas corpus relief under § 2241 as an alternative, but by invoking the saving clause he implies that he wishes to do so. But "[s]ince 1948, Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of a petition for a writ of habeas corpus, id. § 2241, to collaterally attack the legality of his sentence." McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir.) (en banc), cert. denied sub nom. McCarthan v. Collins, 138 S. Ct. 502, 199 L.Ed.2d 385 (2017).

> Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the "saving clause" at the end of that subsection:
>
> > An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court

---

[8] To the extent Petitioner suggests that he is actually innocent of the ACCA enhancement, neither the Supreme Court nor the Eleventh Circuit have decided whether the actual innocence exception extends to the noncapital sentencing context. McKay, 657 F.3d at 1197 & n.12. But even assuming it does, "actual innocence means factual innocence, not mere legal insufficiency." Id. at 1197 (emphasis in original) (quotation marks omitted). Petitioner's claim that he is not an armed career criminal because his prior drug convictions do not satisfy the ACCA's definition of a "serious drug offense" (Civ. Doc. 1 at 5; Civ. Doc. 2 at 9-10), "is one of legal, rather than factual, innocence and thus fails to fall within the actual innocence exception's purview." McKay, 657 F.3d at 1198. The same is true of Petitioner's claim that he is not an armed career criminal because his prior convictions should not have counted separately. (Civ. Doc. 1 at 6-7; Civ. Doc. 2 at 10-11).

10

> has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.</u>

Id. (emphasis in original) (quoting 28 U.S.C. § 2255(e)). Importantly however, "a 'limitations period' does not render the § 2255 motion inadequate or ineffective." Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1372 (11th Cir. 2015) (citing Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253, 1272 (11th Cir. 2013)). "[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy." McCarthan, 851 F.3d at 1086 (citing Jiminian v. Nash, 245 F.3d 144, 147-48 (2d Cir. 2001) (Sotoymayor, J.)).

Petitioner could have challenged the legality of his sentence by raising his ineffective assistance claims in a timely § 2255 motion, but he simply failed to do so. Petitioner's "failure to bring [his claims] earlier" is not "relevant to the saving clause inquiry." Id. at 1090. "Because [Petitioner] filed a traditional claim attacking his sentence that he could have brought in a [timely] motion to vacate, the remedy by motion is adequate and effective to test the legality of his detention." Id. As such, the saving clause is unavailable to Petitioner. Indeed, AEDPA's "procedural bars mean nothing if they can be avoided through the saving clause. The saving clause does not allow access to section 2241 whenever a claim is untimely or procedurally defaulted otherwise the statute would render itself inadequate or ineffective." Id. at 1092. As such, Petitioner cannot avoid § 2255(f)'s statute of limitations by resorting to § 2255(e)'s saving clause.

Petitioner's § 2255 Motion is untimely under § 2255(f)(1) and is due to be

dismissed. As such, and in accordance with the Rules Governing Section 2255 Proceedings in the United States District Courts, it is hereby **ORDERED**:

1. Petitioner Eric Jonelle Cochran's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Civ. Doc. 1) is **DISMISSED WITH PREJUDICE**.

2. The Clerk should enter judgment in favor of the United States and against Petitioner, and close the file.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a motion to vacate has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue… only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Petitioner has not made the requisite showing in these circumstances. Because Petitioner is not entitled to a certificate of appealability, she is not entitled to appeal

in forma pauperis.

**DONE AND ORDERED** at Jacksonville, Florida this 16th day of October, 2019.

*[Signature: Timothy J. Corrigan]*

TIMOTHY J. CORRIGAN
United States District Judge

lc 19
Copies:
Counsel of record
Petitioner